IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JUAN RAFAEL GARCIA; MARIA GARCIA; NATALY GARCIA, YAMILET GARCIA and OSWALDO GARCIA (minors through their grandfather and guardian ad litem Francisco Garcia); NATALY GARCIA, Individually; YAMILET GARCIA, Individually; and OSWALDO GARCIA, Individually,

    Plaintiffs,

vs.

COUNTY OF SACRAMENTO; Sacramento County Sheriff's Department Deputy JEFFREY MORACE (Badge #70), and Does 1 thru 25,

    Defendants.

No. CIV S-11-3317 KJM-GGH

ORDER

/

This matter comes before the court on the motion filed by defendants, County of Sacramento ("County") and Sacramento County Deputy Sheriff Jeffrey Morace ("Morace"), to dismiss specified claims from plaintiffs' complaint in accordance with Federal Rule of Civil Procedure 12(b)(6). (ECF 5.) Specifically, defendants seek to dismiss the third, fourth, fifth and sixth claims brought by plaintiff Juan Garcia, and the eighth and ninth claims[1] brought by

---

[1] Defendants do not move to dismiss plaintiffs' first, second and seventh claims for unreasonable seizure under 42 U.S.C. § 1983, unreasonable seizure under Cal. Civ. Code § 52.1

1

plaintiffs Maria Garcia, Yamilet Garcia and Oswaldo Garcia.  For the following reasons, defendants' motion is granted.[2]

I. FACTS AND PROCEDURAL HISTORY

On July 8, 2010, plaintiff Juan Garcia, accompanied by his wife, Maria Garcia, and three children, Nataly Garcia, Yamilet Garcia and Oswaldo Garcia, went to Sacramento International Airport to board a flight to Mexico for a family vacation.  (Pl.'s Compl. ¶ 1 ECF 1 (herinafter ECF 1).)  According to plaintiff's complaint, "all international travelers are checked for outstanding warrants."  (*Id.* ¶ 21.)  After checking Mr. Garcia's background, Morace detained him "for a misdemeanor warrant out of Stanislaus County" for a man named Juan Garcia.  (*Id.* ¶ 22.)  Plaintiffs allege that the subject of the Garcia warrant looked "significantly dissimilar, ha[d] a different legal residency status . . . had different fingerprints and . . . a different CII number associated with those prints.  (*Id.* ¶ 24.)  Plaintiff alleges that, after checking the records, Morace arrested Juan Garcia instead of letting him go.  (*Id.* ¶ 25.)  In plaintiffs' view, the arrest was motivated solely by racial animus.  (*Id.* ¶ 26.)  After Morace arrested Juan Garcia, plaintiffs' attorney contacted the Modesto Police Department who, after "recognizing that the wrong person was in custody, expeditiously undertook steps to help secure Garcia's release."  (*Id.* ¶ 30.)

Based on the foregoing facts, plaintiff asserts the following claims relevant to this motion: (1) violation of equal rights against Morace under 42 U.S.C. § 1981 ("Section 1981"); (2) entity liability for failure to train against the County under 42 U.S.C. § 1983 ("Section 1983"); (3) entity liability for failure to supervise against the County under Section 1983; (4) entity liability for unconstitutional policies against the County under Section 1983;

/////

---

and negligence under California law, respectively.

[2] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs.  E.D. Cal. Local Rule 230(g).

(5) intentional infliction of emotional distress against both defendants; and (6) negligent infliction of emotion distress against both defendants.

Defendants filed the present motion to dismiss on January 26, 2012. (ECF 5.) Plaintiffs filed their opposition on March 9, 2012. (ECF 10.) Defendants filed their reply on March 16, 2012. (ECF 12.)

II.   ANALYSIS

    A.   Standard

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." A court may dismiss "based on the lack of cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Although a complaint need contain only "a short and plain statement of the claim showing that the pleader is entitled to relief," FED. R. CIV. P. 8(a)(2), in order to survive a motion to dismiss, this short and plain statement "must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint must include something more than "an unadorned, the-defendant-unlawfully-harmed-me accusation" or "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). Determining whether a complaint will survive a motion to dismiss for failure to state a claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 663-64. Ultimately, the inquiry focuses on the interplay between the factual allegations of the complaint and the dispositive issues of law in the action. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

In making this context-specific evaluation, this court must construe the complaint in the light most favorable to the plaintiff and accept as true the factual allegations of the

complaint. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). This rule does not apply to "'a legal conclusion couched as a factual allegation,'" *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (quoted in *Twombly*, 550 U.S. at 555), nor to "allegations that contradict matters properly subject to judicial notice" or to material attached to or incorporated by reference into the complaint. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988-89 (9th Cir. 2001). A court's consideration of documents attached to a complaint or incorporated by reference or matter of judicial notice will not convert a motion to dismiss into a motion for summary judgment. *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003); *Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995); *compare Van Buskirk v. CNN*, 284 F.3d 977, 980 (9th Cir. 2002) (noting that even though court may look beyond pleadings on motion to dismiss, generally court is limited to face of the complaint on 12(b)(6) motion).

    B.    Application

        1.    Entity Liability

The County, based on the principles set forth in *Monell v. Dep't of Social Services*, 436 U.S. 658 (1978) and its progeny, moves to dismiss plaintiff Juan Garcia's fourth, fifth and sixth claims under Section 1983. The County maintains that Juan Garcia's conclusory allegations that the County failed to supervise and train its employees and that the County had an unconstitutional pattern of deliberate indifference to the rights of citizens to be free from unlawful arrest is unsupported by any specific factual allegations. Thus, the County maintains, these claims must be dismissed in accordance with Federal Rule of Civil Procedure 12(b)(6).

Juan Garcia, in his opposition,[3] implicitly concedes that his claims against the County under *Monell* do not contain sufficient factual allegations to survive dismissal. Indeed,

---

[3] The court finds that the brevity of plaintiffs' opposition to defendants' motion underscores the insufficiency of the factual allegations in plaintiff's complaint. Specifically, plaintiff devotes a meager four pages of background and analysis to counter defendants' contention that the fifth, sixth and eighth claims are legally insufficient to survive the pleading stage.

plaintiff devotes a mere seven lines to opposing defendants' motion to dismiss plaintiff's *Monell* claims. For example, plaintiff's opposition states: "[p]laintiff concedes that those claims [under *Monell*] were alleged on information and belief and as he has not had an opportunity to conduct discovery, he is not able to allege additional facts supporting these claims." (Pl.'s Opp'n, ECF 10 at 4:17-19 (herinafter "ECF 10").)

      A municipality may only be liable where it individually causes a constitutional violation through "execution of a government's policy or custom, whether by its lawmakers or by those whose edicts or acts may fairly be said to represent them." *Monell*, 436 U.S. at 694; *Ulrich v. City & County of San Francisco*, 308 F.3d 968, 984 (9th Cir. 2002). In order to survive dismissal of his claims under *Monell*, a plaintiff must allege sufficient facts for the court to infer that the existence of at least one of the following is plausible: (1) "a longstanding practice or custom which constitutes the 'standard operating procedure' of a local government entity"; (2) "the decision-making official was, as a matter of state law, a final policymaking authority whose edicts or acts may fairly be said to represent official policy in the area of decision"; or (3) "an official with final policy making authority either delegated that authority to, or ratified the decision of, a subordinate." *Menotti v. City of Seattle*, 409 F.3d 1113, 1147 (9th Cir. 2005). Complete inadequacy of training or failure to supervise may amount to a policy giving rise to *Monell* liability; however, "adequately trained officers occasionally make mistakes; the fact that they do says little about the training program or the legal basis for holding the [County] liable." *City of Canon, Ohio v. Harris*, 489 U.S. 378, 379 (1989).

      Here, plaintiff's utter lack of substantive argument to counter the County's contention that plaintiff's claims against it must be dismissed highlights the inadequacy of the factual allegations contained in plaintiff's complaint. As the County points out, Juan Garcia's fourth, fifth and sixth claims assert threadbare allegations that the County is somehow responsible for Morace's allegedly unconstitutional arrest of Juan Garcia. For example, in support of Juan Garcia's fourth claim asserting an unconstitutional policy, he alleges Morace

5

arrested Juan Garcia absent probable cause "pursuant to policies, customs and/or practices of [d]efendants County of Sacramento," but fails to state what those policies or practices actually are. (ECF 1 ¶ 58.) Such legal conclusions, without supporting factual allegations, are insufficient to survive the County's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).

Based on the foregoing, plaintiff Juan Garcia's fourth, fifth and sixth claims are dismissed with leave to amend.

2. Equal Rights Under the Law

Defendant Morace seeks to dismiss plaintiff Juan Garcia's third claim under Section 1981. Morace argues that Juan Garcia has failed to allege facts sufficient for the court to infer it is plausible that Morace's conduct was motivated solely by his race. Juan Garcia "concedes that [this] claim [was] alleged on information and belief and he has not had an opportunity to conduct discovery, [and] he is not able to allege additional facts." (ECF 10 at 18-19.) In order to survive Morace's motion to dismiss, plaintiffs must provide sufficient factual allegations to make out a plausible claim that Morace intentionally discriminated against him based solely on his race. *Evans v. McKay*, 869 F.2d 1341, 1344 (9th Cir. 1989) (citing *Lowe v. City of Monrovia*, 775 F.2d 998, 1010 (9th Cir.1986)).

Apart from plaintiff's conclusory allegation that plaintiff's arrest was "racially" motivated, plaintiff has provided the court with no significant factual allegation from which it could infer that Morace intentionally discriminated against him based on race. As such, Morace's motion to dismiss plaintiff Juan Garcia's third claim under Section 1981 is granted with leave to amend.

3. IIED

Defendants move to dismiss the claims of plaintiffs Maria, Natyl, Yamilet and Oswaldo Garcia against both defendants for intentional infliction of emotional distress ("IIED"). Defendants contend that these plaintiffs' IIED claims "are foreclosed by the immunity of

6

California Government Code Section 821.6."[4]  (Def.'s Mot., ECF 5-1 at 5:7-9 (hereinafter "ECF 5").)  Plaintiffs counter that Section 821.6 does not immunize defendants because "[p]laintiffs' claims are based on their being present at the scene of, and witnessing, Juan Garcia's arrests, . . . *not* based on any investigation."  (ECF 10 at 2:16-19 (emphasis in original).)

California Government Code § 821.6 provides that "[a] public employee is not liable for injury caused by his instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, even if he acts maliciously and without probable cause." Section 821.6 "immunizes the County and its employees 'from liability for the actions or omissions of the investigating officers if: (1) the officers were employees of the County; (2) [the plaintiffs'] injuries were caused by acts committed by the officers to institute or prosecute a judicial or administrative proceeding; and (3) the conduct of the officers while instituting or prosecuting the proceeding was within the scope of their employment.'" *Cnty. of L.A. v. Super. Ct.*, 181 Cal. App. 4th 218, 228 (2009) (quoting *Gillan v. City of San Marino*, 147 Cal. App. 4th 1033, 1048 (2007)).  "The provision's principal function is to provide relief from malicious prosecution." *Blackenhorn v. City of Orange,* 485 F.3d 463, 488 (9th Cir. 2007).  However, "the statute also extends to actions taken in preparation for formal proceedings, including actions incidental to the investigation of crimes." *Id.* (quoting *Amylou R. v. Cnty. of Riverside*, 28 Cal. App. 4th 1205, 1211 (1994)) (internal quotations omitted).  Section 821.6 immunity is construed "broadly in furtherance of its purpose to protect public employees in the performance of their prosecutorial duties from the threat of harassment through civil suits." *Cnty. Of L.A.*, 181 Cal. App 4th at 228; *see also Ciampi v. City of Palo Alto,* 2011 WL 1793349 (N.D.Cal. May 11, 2011).  Section 821.6, however, does not apply to conduct constituting false arrest or false imprisonment.  *Asgari v. City of L.A.*, 15 Cal. 4th 744, 752 (1997).

---

[4] Defendants do not seek to dismiss plaintiffs' IIED claim on any other ground.

Here, plaintiffs have alleged that, "by arresting Juan Garcia without a warrant and without probable cause," defendants are liable for the tort of intentional infliction of emotional distress.[4] (ECF 1 ¶ 67.) Thus, based on the allegations contained in the complaint, plaintiffs' IIED claim is not based on an investigation "taken in preparation for formal proceedings," but rather on plaintiffs' contention that Morace intentionally arrested plaintiff Juan Garcia without probable cause and in clear view of his family. Because the facts alleged to support plaintiffs' IIED claims "are based on acts that allegedly happened during [Juan Garcia's] arrest, not pursuant to an investigation into his guilt, Section 821.6 does not confer immunity from those claims upon [d]efendants." *Blackenhorn*, 485 F.3d at 488.

At this stage of the litigation, where plaintiffs' allegations must be taken as true, and reasonable inferences drawn therefrom, plaintiff has stated a plausible claim that defendants are not protected by the immunity provided by Section 821.6.[5] As such defendants' motion to dismiss plaintiffs' eighth claim for IIED is denied.

    4.    NIED

Defendants seek to dismiss plaintiffs Maria, Natyl, Yamilet and Oswaldo Garcia's claims against both defendants for negligent infliction of emotional distress ("NIED"). Defendants argue that "the complaint's factual allegations do not establish that plaintiffs . . . were contemporaneously aware that Juan Garcia was being injured." (ECF 5 at 6:17-18.) Even if they were, defendants maintain, because "Juan Garcia sustained no injuries as a result of his arrest," plaintiffs' NIED claim must fail. (*Id.*) Plaintiffs argue that, contrary to defendants' assertion, the complaint specifically alleges that defendants "subjected [plaintiffs] to the specter of seeing their husband and father being paraded away in handcuffs," which caused them serious emotional distress. (ECF 10 at 20-23.) Moreover, plaintiffs assert that, under California law,

---

[4] Plaintiffs allege that they suffered extreme emotional distress by witnessing the claim.

[5] Defendants are not precluded from raising this immunity defense in the future, upon further factual development.

they need not allege that Juan Garcia suffered any physical injury in order for their NIED claim to survive dismissal.

Under California law, "there is no independent tort of negligent infliction of emotional distress"; rather, it is a variation of "[t]he tort is negligence," a claim in which plaintiff must prove duty, breach, causation and damages. *Potter v. Firestone Tire & Rubber Co.*, 6 Cal.4th 965, 984 (1993). NIED encompasses "at least two variants of the theory": "bystander" cases and "direct victim" cases. *Wooden v. Raveling*, 61 Cal. App. 4th 1035, 1037 (1998). Plaintiffs bring their claim under the former theory, which "is premised upon defendant's violation of a duty not to negligently cause emotional distress to people who observe conduct which causes harm to another." *Burgess v. Superior Court*, 2 Cal. 4th 1064, 1073 (1992). In order to survive dismissal of their bystander claim, plaintiffs must allege sufficient facts for the court to infer that plaintiffs are: (1) "closely related to the injury victim," (2) "present at the scene of the injury-producing event at the time it occurs and [] then aware that it is causing injury to the victim," and (3) that plaintiffs suffered "emotional distress beyond that which would be anticipated in a disinterested witness." *Thing v. La Chusa*, 48 Cal. 3d 644, 647 (1989).

Here, defendants' argument that the complaint contains insufficient factual allegations to demonstrate plaintiffs were contemporaneously aware of Juan Garcia's alleged injury is simply incorrect: paragraph 27 of the complaint explicitly alleges that plaintiffs witnessed the alleged false arrest of plaintiff Juan Garcia. However, defendants' contention that plaintiffs' NIED claim must be dismissed because plaintiffs have not alleged that Juan Garcia suffered any physical injury as a result of the allegedly wrongful arrest is well-taken. Plaintiffs have not directed the court to, nor has the court located, any authority permitting a plaintiff to recover for NIED under a bystander theory when the plaintiff did not witness a physical injury. Indeed, the relevant case law compels the opposite conclusion. For example, the seminal California Supreme Court case on recovery for NIED under the bystander authority is *Thing,* in

1 which the plaintiff witnessed her child bloodied at the scene of an accident caused by
2 defendant's negligence.[6] *Thing*, 48 Cal. 3d at 647; *see also Steel v. City of San Diego* 726
3 F.Supp.2d 1172, 1190 (S.D. Cal. June 30, 2010) (quoting *Burgess*, 2 Cal. 4th at 1072 (1992))
4 ("A 'bystander' case 'arises in the context of physical injury . . . caused by the negligent conduct
5 of a defendant with whom the plaintiff had no preexisting relationship.'"); *Martin v. U.S.*, 779
6 F.Supp. 1242 *Rev'd on other Grounds* (N.D. Cal. Dec. 3, 1991) (quoting *Ochoa v. Super. C.*, 39
7 Cal. 3d 159, 182 (1985)) (explaining that "the bystander theory [requires] that a plaintiff witness
8 an 'injury-producing event.'"); *Ess v. Eskaton Properties Inc.*, 97 Cal. App. 4th 120, 127 (2002)
9 ("[r]ecovery may be permitted in a bystander case where the plaintiff is closely related to the
10 victim of a physical injury."); *Lawson v. Mgmt. Activities*, 69 Cal. App. 4th 652, 655 (1999)
11 (stating that a bystander NIED claim may be maintained where "the plaintiff suffered emotional
12 distress upon seeing someone else physically hurt.").

13 Defendants also argue that, as with plaintiffs' IIED claims, they are statutorily
14 immune from liability under Section 821.6. Defendants arguments in this regard do not compel
15 dismissal under the relevant standard for the same reasons as those set forth above.

16 Because plaintiffs have failed to allege that they witnessed plaintiff Juan Garcia
17 suffer a physical injury as a result of defendants' alleged negligence, they have failed to state a
18 plausible claim for NIED. As such, defendants' motion to dismiss plaintiffs' ninth claim for
19 NIED is granted with leave to amend.

20 /////
21 /////
22 /////
23

---

24 [6] *Thing* set the current contours of NIED liability under the bystander theory. In *Thing*,
25 the court ultimately concluded "that plaintiff could not satisfy the requirement of having been present at the scene of the injury-producing event at the time it occurred and of having then been aware that it was causing injury to the victim," and thus, did not have a valid NIED claim. *Bird*
26 *v. Saenz*, 28 Cal. 4th 910, 916 (2002) (*citing Thing,* 48 Cal. 3d at 688).

III.  CONCLUSION

For the foregoing reasons, defendants' motion is granted in part with leave to amend and denied in part; specifically:

1. Defendants' motion to dismiss the third claim for relief for violation of equal rights under 42 U.S.C. § 1981 is GRANTED with leave to amend.
2. Defendants' motion to dismiss the fourth claim for relief for failure to train under 42 U.S.C. § 1983 is GRANTED with leave to amend.
3. Defendants' motion to dismiss the fifth claim for relief for failure to supervise under 42 U.S.C. § 1983 is GRANTED with leave to amend.
4. Defendants' motion to dismiss the sixth claim for relief from unconstitutional policies under 42 U.S.C. § 1983 is GRANTED with leave to amend.
5. Defendants' motion to dismiss the eighth claim for relief for IIED is DENIED.
6. Defendants' motion to dismiss the ninth claim for relief for NIED is GRANTED with leave to amend.

Plaintiffs may file an amended complaint within twenty-one (21) days of the entry of this order.  Plaintiffs are reminded that an amended complaint supersedes the original complaint.  *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Once an amended pleading is filed, the original pleading no longer serves any function in the case.  *Id.; see also* E.D. Local Rule 220.  Failure to file an amended complaint will result in dismissal with prejudice of those claims hereby dismissed.

IT IS SO ORDERED.

DATED: May 4, 2012.

_____
UNITED STATES DISTRICT JUDGE